1  SEYFARTH SHAW LLP
   Christian J. Rowley (SBN 187293)
2  crowley@seyfarth.com
   Pamela Vartabedian (SBN 251133)
3  pvartabedian@seyfarth.com
   560 Mission Street, 31st Floor
4  San Francisco, California  94105
   Telephone: (415) 397-2823
5  Facsimile: (415) 397-8549

6  SEYFARTH SHAW LLP
   Pamela Q. Devata (*pro hac vice* forthcoming)
7  pdevata@seyfarth.com
   John W. Drury (*pro hac vice* forthcoming)
8  jdrury@seyfarth.com
   233 South Wacker Drive, Suite 8000
9  Chicago, Illinois 60606-6448
   Telephone: (312) 460-5000
10 Facsimile: (312) 460-7000

11
   Attorneys for Defendant
12 L'OREAL USA, INC.

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15

16 DEBORAH HUBBARD, Individually and on      Case No. _____
   behalf of all others similarly situated,
17                                           **DEFENDANT L'OREAL USA, INC.'S NOTICE
                                             OF REMOVAL OF CIVIL ACTION**
18              Plaintiff,
                                             [28 U.S.C. §§ 1331, 1441, 1446]
19      vs.
                                             Trial Date:   Not Set
20 L'OREAL USA, INC. AND DOES 1-10,          Date Action Filed:   July 10, 2018
                                             Summons/Complaint Served:  July 17, 2018
21              Defendants.
                                             Removal from Superior Court of California, County
22                                           of San Francisco; Case No.: CGC-18-567952

23

24      **TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF**

25 **CALIFORNIA AND TO PLAINTIFF DEBORAH HUBBARD AND HER ATTORNEYS OF**

26 **RECORD:**

27          PLEASE TAKE NOTICE that Defendant L'Oreal USA, Inc. hereby files this Notice of Removal

28 pursuant to 28 U.S.C. §§ 1441 and 1446, asserting federal question jurisdiction pursuant to 28 U.S.C.

§ 1331, to effect the removal of the above-captioned action from the Superior Court of California, County of San Francisco, to the United States District Court for the Northern District of California, and states that removal is proper for the reasons set forth below.

## PLEADINGS, PROCESSES, AND ORDERS

1.      On July 10, 2018, Plaintiff Deborah Hubbard ("Plaintiff") filed a purported Class Action Complaint against Defendant L'Oreal USA, Inc. ("Defendant") in the Superior Court of California, County of San Francisco, entitled *Deborah Hubbard v. L'Oreal USA, Inc.*, Case No. CGC 18-567952.

2.      Plaintiff's Complaint purports to allege claims for relief against Defendant stemming from Defendant's procurement of consumer reports on Plaintiff and other individuals. Plaintiff bases both of her claims on alleged violations by Defendant of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

3.      All process, pleadings, notices, and orders served upon Defendant in this action are attached as **Exhibit A** pursuant to 28 U.S.C. § 1446(a) and are incorporated by reference as though fully set forth herein.

## TIMELINESS OF REMOVAL

4.      On July 17, 2018, Plaintiff purported to serve Defendant with the Summons and Complaint.

5.      This Notice of Removal is timely as it is being filed within thirty (30) days after service of the Summons and Complaint. 28 U.S.C. § 1446(b); Fed. Rule Civ. Proc. 6(a); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day deadline to remove commences upon service of the summons and complaint).

## BASIS FOR REMOVAL

## FEDERAL QUESTION JURISDICTION

6.      28 U.S.C. § 1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over the instant action based on federal question jurisdiction in that Plaintiff's Complaint asserts claims under the FCRA, 15 U.S.C. § 1681 *et seq.*, a federal statute.

8. Specifically, Plaintiff asserts claims under Section 1681b(b)(2) of the FCRA, 15 U.S.C. § 1681b(b)(2). (**Exhibit A**, Complaint at ¶¶ 1-7, 25-36, 47-60.). Accordingly, this action presents a federal question over which this Court has original jurisdiction under 28 U.S.C. § 1331, and removal of Plaintiff's Complaint is proper.

## VENUE

9. Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a) and 1446(a). This action was originally brought in the Superior Court of the State of California, County of San Francisco and thus should be removed to the San Francisco or Oakland Division of this Court per Civil Local Rules 3-2(c) and (d).

## SERVICE OF NOTICE OF REMOVAL ON STATE COURT

10. A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Francisco as required under 28 U.S.C. § 1446(d).

## RESERVATION OF RIGHTS

11. By filing this Notice of Removal, Defendant does not concede nor waive any defense to this action, including that Plaintiff lacks standing to bring this action and that this Court does not have personal jurisdiction over Defendant as to some or all of the putative class members. Defendant reserves all defenses relating to the Court's jurisdiction and the justiciability of this action.

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of California, County of San Francisco to the United States District Court for the Northern District of California, San Francisco or Oakland Division.

//
//
//
//
//
//

3

1    DATED: August 16, 2018                    Respectfully submitted,

2                                              SEYFARTH SHAW LLP

3

4                                              By:  */s/ Pamela L. Vartabedian*
                                                   Christian J. Rowley
5                                                  Pamela Vartabedian
                                                   Pamela Q. Devata (*pro hac vice* application
6                                                  forthcoming)
                                                   John W. Drury (*pro hac vice* application
7                                                  forthcoming)

8                                              Attorneys for Defendant
                                               L'OREAL USA, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL BY DEFENDANT L'OREAL USA, INC.

# *Exhibit A*

*Exhibit A*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>L'ORÉAL USA, INC., and DOES 1 through 10, inclusive,<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>DEBORAH HUBBARD, Individually and on Behalf of All Others<br>Similarly Situated, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Francisco County Superior Court<br>400 McAllister St., San Francisco, CA 94102-4514 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**CGC-18-567952** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark S. Greenstone, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, Tel. (310) 201-9156

| | | | | |
|---|---|---|---|---|
| DATE:<br>*(Fecha)* | JUL 1 0 2018 CLERK OF THE COURT | Clerk, by<br>*(Secretario)* | DE LA VEGA NAVARRO, Rosemary | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
             ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

                                            Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO

 ORIGINAL FAXED

GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy (SBN 134180)
Marc L. Godino (SBN 182689)
Danielle L. Manning (SBN 313272)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

GREENSTONE LAW APC
Mark S. Greenstone (SBN 199606)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9156
Facsimile: (310) 201-9160
Email: mgreenstone@greenstonelaw.com

Thomas D. Rutledge (SBN 200497)
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone:  (619) 886-7224
Facsimile:   (619) 259-5455

Brian R. Short (SBN 236140)
350 10th Avenue, Suite 1000
San Diego, California 92101
Telephone:  (619) 272-0720
Fax Number: (619) 839-3129
Email: brian@shortlegal.com

*Counsel for Plaintiff*

**F I L E D**
San Francisco County Superior Court

JUL 1 0 2018

CLERK OF THE COURT
BY: _____
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| DEBORAH HUBBARD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>L'ORÉAL USA, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  **CGC-18-567952**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**Violation of Fair Credit Reporting Act (15 U.S.C. §§ 1681, *et seq.*)**<br><br>**JURY TRIAL DEMANDED** |

408669.1                                   CLASS ACTION COMPLAINT

1    Plaintiff Deborah Hubbard ("Plaintiff") alleges as follows upon personal knowledge as to
2  herself and her own acts and experiences, and, as to all other matters, upon information and belief,
3  including investigation conducted by her attorneys.

4                                    **PRELIMINARY STATEMENTS**

5    1.    This class action arises from L'Oréal USA, Inc.'s ("Defendant") acquisition and use of
6  consumer and/or investigative consumer reports as those terms are defined by the Fair Credit
7  Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*., to conduct background checks on Plaintiff and
8  other prospective, current and former employees.

9    2.    Defendant routinely procures consumer reports to conduct background checks as part
10  of the employment application process.  However, Defendant fails to comply with federal mandates
11  for obtaining and using consumer reports for employment purposes.  Plaintiff brings this action
12  against Defendant for the violation of these federal laws.

13    3.    Although the procurement of a consumer report for employment purposes is not *per se*
14  unlawful, it is subject to strict disclosure requirements under federal law pursuant to the FCRA.
15  Among other things, an employer may not procure a consumer report concerning a job applicant or
16  employee unless a "clear and conspicuous" disclosure is made in a stand-alone document that
17  "consists solely of the disclosure" informing the applicant or employee that a report may be obtained
18  for employment purposes.

19    4.    Defendant procured consumer reports respecting Plaintiff and class members as part of
20  its standard practice and policy, but failed to provide them with a clear and conspicuous written
21  disclosure, in a document that consists solely of the disclosure, that a consumer report may be
22  obtained for employment purposes.

23    5.    As a result of Defendant's wrongful acts and omissions, Plaintiff and other putative
24  class members have been injured, including, without limitation, by having their privacy, informational
25  and statutory rights violated.

26    6.    As further alleged herein, Defendant's violations occurred because Defendant has
27  willfully failed to properly apprise itself of the statutory mandates before procuring consumer reports
28  to make employment decisions; violated the express and unambiguous provisions of the relevant




1  statute; and/or recklessly failed to implement reasonable procedures to assure compliance with

2  statutory mandates.

3      7.      On behalf of herself and the putative class, Plaintiff seeks statutory damages, punitive

4  damages, costs and attorneys' fees, equitable relief, and other appropriate relief for Defendant's

5  systematic and willful violations of the FCRA.

6                                          **PARTIES**

7      8.      Plaintiff Deborah Hubbard is, and at all times relevant herein was, a resident of

8  Oakland, California.

9      9.      Upon information and belief, Defendant L'Oréal USA, Inc. is, and at all times relevant

10  herein was, a Delaware corporation headquartered in New York, New York, and engaged in

11  commercial transactions throughout this county, the State of California and the various states of the

12  United States of America.

13      10.      Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and

14  omissions alleged herein was performed by, or is attributable to, Defendant and/or DOES 1 through 10

15  (collectively "Defendants") each acting as the agent for the other, with legal authority to act on the

16  other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official

17  practice and policy of Defendants.  Plaintiff is unaware of the true names or capacities of the

18  Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this

19  Court to amend the Complaint and serve such fictitiously-named Defendants once their names and

20  capacities become known.

21      11.      Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 were

22  the partners, agents, owners, shareholders, managers, or employees of Defendant L'Oréal USA, Inc. at

23  all relevant times.

24      12.      Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is

25  in some manner intentionally, or otherwise responsible for the acts, omissions, occurrences, and

26  transactions of each and all of the other Defendants in proximately causing the damages herein

27  alleged.

28

408669.1                          CLASS ACTION COMPLAINT
                                              2

1    13.    At all relevant times, Defendants, and each of them, ratified each and every act or

2 omission complained of herein.  At all relevant times, Defendants, and each of them, aided and

3 abetted the acts alleged herein.

**JURISDICTION AND VENUE**

5    14.    This class action is brought pursuant to California Code of Civil Procedure Section

6 382.

7    15.    This Court has subject matter jurisdiction over this action pursuant to the California

8 Constitution, Article IV, Section 10. The monetary damages sought by Plaintiff exceeds the minimal

9 jurisdictional limits of the Superior Court and will be established according to proof at trial.

10    16.    This Court has concurrent jurisdiction over Plaintiff's FCRA claims under 28 U.S.C.

11 Section 1681p which provides, in pertinent part: "An action to enforce any liability created under this

12 subchapter may be brought in any appropriate United States district court, without regard to the

13 amount in controversy, or in any other court of competent jurisdiction…"

14    17.    Venue lies within this judicial district under California Code of Civil Procedure Section

15 395.

**STATUTORY BACKGROUND**

17    18.    Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first,

18 that consumer reports were playing a central role in people's lives at crucial moments, such as when

19 they applied for a job or credit, and when they applied for housing; second, despite their importance,

20 consumer reports were unregulated and had widespread errors and inaccuracies.

21    19.    While recognizing that consumer reports play an important role in the economy,

22 Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure their

23 "confidentiality, accuracy, relevancy, and proper utilization." 15 U.S.C. § 1681.

24    20.    Congress was particularly concerned about the use of consumer reports by employers.

25 Accordingly, Congress required employers to make a clear and conspicuous written disclosure to

26 employees and job applicants, in a document that consists ***solely*** of the disclosure, that a consumer

27 report may be procured for employment purposes. 15 U.S.C. § 1681b(b)(2).  This is commonly

28

1    referred to as the "stand-alone disclosure" requirement. Congress further required that employers

2    obtain written authorization prior to procurement of a consumer report for employment purposes. *Id.*

3        21.    The FCRA's stand-alone disclosure requirement is one of many elements of the FCRA

4    that combine to ensure that consumers know when consumer reports may be generated about them,

5    that they know their rights, and that they have the opportunity to dispute errors in their reports. *See* 15

6    U.S.C. § 1681b(b)(3)(A) (pre-adverse employment action notice requirement); § 1681b(4)(B)

7    (notification of national security investigation); § 1681c(h) (notification of address discrepancy); §

8    1681d(a) (disclosure of investigative report); § 1681g (full file disclosure to consumers); §

9    1681k(a)(1) (disclosure regarding the use of public record information); § 1681h (form and conditions

10   of disclosure); § 1681m(a) (post-adverse employment action notice requirement).

11       22.    Although the disclosure and the authorization may be combined in a single document,

12   the FTC has warned that the form should not include any extraneous information or be part of another

13   document. For example, in response to an inquiry as to whether the disclosure may be set forth within

14   an application for employment or whether it must be included in a separate document, the FTC stated:

> The disclosure may not be part of an employment application because
> the language [of 15 U.S.C. § 1681b(b)(2)(A)] is intended to ensure
> that it appears conspicuously in a document not encumbered by any
> other information. The reason for requiring that the disclosure be in a
> stand-alone document is to prevent consumers from being distracted
> by other information side-by-side within the disclosure.

19       23.    The plain language of the statute also clearly indicates that the inclusion of a waiver in

20   a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a

21   form would not consist "solely" of the disclosure. In fact, the FTC expressly has warned that the

22   FCRA notice may not include extraneous information such as a waiver. In a 1998 opinion letter, the

23   FTC stated:

> [W]e note that your draft disclosure includes a waiver by the
> consumer of his or her rights under the FCRA. The inclusion of such
> a waiver in a disclosure form will violate Section 604(b)(2)(A) of the
> FCRA, which requires that a disclosure consist 'solely' of the
> disclosure that a consumer report may be obtained for employment
> purposes.

CLASS ACTION COMPLAINT
4

24.     Consistent with the FTC's construction of the FCRA, courts have repeatedly held that extraneous information renders a purported FCRA disclosure non-compliant. *See, e.g., Woods v. Caremark PHC, LLC*, No. 4:15-cv-00535, 2015 WL 6742124, *2 (W.D. Mo. Nov. 2, 2015) (denying motion to dismiss FCRA complaint where plaintiff alleged that purported disclosure contained an overbroad authorization for third parties to provide information to defendant and its consumer reporting agency, and state specific notices that did not apply to plaintiff); *Jones v. Halstead Mgmt. Co., LLC*, No. 14-cv-3125, 2015 WL 366244, *5 (S.D.N.Y. Jan 27, 2015) (denying motion to dismiss FCRA complaint where plaintiff alleged that purported disclosure form included timeframes during which applicant must challenge accuracy of any report, an acknowledgement that employment decisions are based on non-discriminatory reasons, the contact information for the consumer reporting agency and state specific notices that "stretched what should be a simple disclosure form into two full pages of eye-straining typeface writing.").

25.     As discussed below, Defendant routinely violates the FCRA by failing to provide the required stand-alone disclosure to employees and job applicants.

## FACTUAL ALLEGATIONS

26.     Defendant is one of the world's largest cosmetics manufacturers. The company's cosmetic line includes brand names such as L'Oréal, L'Oréal Professionnel, Maybelline, Ralph Lauren Fragrances, and Giorgio Armani Parfums. On information and belief, Defendant processes thousands of employment applications per year.

27.     In or about March 2015, Plaintiff applied for work with Defendant. As part of the employment application process, on or about March 11, 2015, Plaintiff was presented with a document titled "CONSUMER DISCLOSURE AND AUTHORIZATION FORM" (the "Disclosure") which Plaintiff executed electronically.

28.     Defendant's Disclosure is a single document containing seventeen separate paragraphs comprised of over one hundred lines of print. Defendant's Disclosure includes, *inter alia*, the following extraneous information in addition to the disclosure that a consumer report may be procured:



a. Seven lengthy state's rights notices for California, Maine, Massachusetts, Minnesota, New Jersey, New York, and Washington State.

b. An advisement that "[t]hese background reports may be obtained at any time after receipt of your authorization and, if you are hired or engaged by the Company, throughout your employment or your contract period, as allowed by law."

c. An advisement that "[i]f the Company should obtain information bearing on your credit worthiness, credit standing or credit capacity for reasons other than as required by law, then the Company will use such credit information to evaluate whether you would present an unacceptable risk of theft or other dishonest behavior in the job for which you are being evaluated."

d. An acknowledgement that "I also understand that nothing herein shall be construed as an offer of employment or contract for services."

e. An acknowledgement that "[b]y my signature below, I also certify the information I provided on and in connection with this form is true, accurate and complete."

29. In addition, Defendant's disclosure contains the following paragraph:

> I hereby authorize all of the following, without limitation, to disclose information about me to the consumer reporting agency and its agents: law enforcement and all other federal, state and local agencies, learning institutions (including public and private schools, colleges and universities), testing agencies, information service bureaus, credit bureaus, record/data repositories, courts (federal, state and local), motor vehicle records agencies, my past or present employers, the military, and all other individuals and sources with any information about or concerning me. The information that can be disclosed to the consumer reporting agency and its agents includes, but is not limited to, information concerning my employment and earnings history, education, credit history, motor vehicle history, criminal history, military service, professional credentials and licenses.

This paragraph is not a disclosure that a consumer report will be procured, nor is it an authorization to procure a consumer report. Rather, it is a self-serving and extraordinarily broad privacy waiver through which the applicant consents to permit all "individuals or sources with any information about

1 or concerning me" to divulge that information whether or not otherwise lawful or appropriate to do so

2 ("Privacy Waiver").

3      30.    On information and belief, this same Disclosure was used regularly by Defendant for

4 all job applicants during the relevant time period pursuant to Defendant's standard employment

5 policies, procedures, and/or practices.

6      31.    Plaintiff further alleges, on information and belief, that Defendant's Disclosure is the

7 only thing provided to applicants prior to Defendant procuring a consumer report on them which

8 relates in any way to the fact that a consumer report may be procured.

9      32.    The Privacy Waiver, lengthy state law notices and other extraneous information

10 contained within Defendant's Disclosure, as well as the other extraneous information, would each

11 taken individually, suffice to render Defendant's Disclosure non-compliant.

12      33.    On or about March 19, 2015, Defendant requested a consumer report on Plaintiff from

13 consumer report vendor HireRight, Inc.  On information and belief, Defendant used HireRight to

14 conduct background checks during the class period.  These reports therefore constitute "consumer

15 reports" within the meaning of the FCRA.

16      34.    Despite its failure to provide Plaintiff and Class Members with the required stand-alone

17 disclosure, Defendant procured or caused to be procured consumer reports on Plaintiff and Class

18 Members, in accordance with Defendant's standard employment policies, procedures, and/or

19 practices.  On information and belief, Defendant did not procure Plaintiff's and Class Members'

20 reports in connection with any investigation of suspected misconduct relating to employment, or

21 compliance with federal, state, or local laws and regulations, the rules of a self-regulatory

22 organization, or any preexisting written policies of the Defendant.

23      35.    Defendant's conduct unambiguously violates the FCRA.  By including extraneous

24 information within the Disclosure, Defendant disregarded well-established case law and regulatory

25 guidance from the FTC, and failed to provide Plaintiff with information to which she was statutorily

26 entitled.  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be

27 "clear and conspicuous" and "clear[] and accurate[]," and violates Section 1681b(b)(2)(A) for this

28 reason as well.

CLASS ACTION COMPLAINT

36.    Defendant's multiple violations of the FCRA combined with its knowledge of the requirements of federal law provides further evidence that Defendant's violations were willful.

## STATUTE OF LIMITATIONS

37.    An action under the FCRA must be brought "not later than the earlier of—(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. §1681p.

38.    Plaintiff was not informed by Defendant at the time she applied or thereafter that a consumer report was in fact procured on her, nor was she provided with a copy of the report. Plaintiff only became aware that a consumer report was procured on her on or about November 10, 2017 when a copy of the report was provided in response to a personnel file request.

39.    On information and belief, it is Defendant's practice and policy not to inform applicants whether a consumer report is in fact procured in connection with the application process, and not to provide copies of the reports that are procured. Thus, like Plaintiff, putative class members were similarly unaware at the time they applied or thereafter that Defendant had procured a consumer report respecting them.

## CLASS ACTION ALLEGATIONS

40.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

41.    Plaintiff asserts the following Class:

> All persons residing in the United States regarding whom Defendant procured or caused to be procured a consumer report for employment purposes during the period five years prior to the filing of the present action through the date of certification.

41.    Members of the Class, as described above, will be referred to as "Class Members." Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; and (2) the Judge to whom this case is assigned and the Judge's staff. Plaintiff reserves the right to amend the above Class and to add subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

CLASS ACTION COMPLAINT
8

**Numerosity**

42.     The proposed Class is so numerous that joinder of all Class Members is impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective and existing employees.  Given the number of employees working for Defendant, Plaintiff believes that during the relevant time period, thousands of Defendant's employees and prospective employees would fall within the definition of the Class.

**Common Questions of Law and Fact**

43.     Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual Class Members. Among the questions of law and fact common to the Class are:

    a.   Whether Defendant uses consumer report information to conduct background checks on current and prospective employees;

    b.   Whether Defendant fails to disclose to current and prospective employees that a consumer report will be procured in a stand-alone document consisting solely of the disclosure;

    c.   Whether the Defendant violated the FCRA by procuring consumer reports based on invalid authorizations;

    d.   Whether Defendant's violations of the FCRA were willful; and,

    e.   The proper measure of statutory and punitive damages.

**Typicality**

44.     Plaintiff's claims are typical of the members of the proposed Class.  Defendant typically presents applicants with a disclosure form that contains reams of extraneous information which clearly render the disclosure non-compliant.  The FCRA violations suffered by Plaintiff are typical of those suffered by other Class Members, and Defendant treated Plaintiff consistent with other Class Members in accordance with its standard policies, practices and procedures.

**Adequacy of Representation**

45.     Plaintiff, as the representative of the Class, will fairly and adequately protect the interests of the Class and has no interests that conflict with or are antagonistic to the interests of the



1    other Class Members.  Plaintiff has retained attorneys competent and experienced in class action

2    litigation. No conflict exists between Plaintiff and members of the Class.

3    **Superiority**

4    46.    A class action is superior to all other available methods for the fair and efficient

5    adjudication of this controversy. Defendant's conduct described in this Complaint stems from

6    common and uniform policies and practices, resulting in common violations of the FCRA, and the

7    names and addresses of the Class Members are available from Defendant's records.  This case

8    therefore lends itself to class treatment.  Furthermore, Class Members do not have an interest in

9    pursuing separate actions against Defendant, as the amount of each Class Member's individual claims

10   is small compared to the expense and burden of individual prosecution.  Class certification will also

11   obviate the need for unduly duplicative litigation that might result in inconsistent judgments

12   concerning Defendant's practices.  Finally, Plaintiff is unaware of any difficulty which will be

13   encountered in the management of this litigation which would preclude class certification.

14   <u>**FIRST CAUSE OF ACTION**</u>

15   **Failure to Make Proper Disclosure in Violation of FCRA**

16   **(15 U.S.C. §§ 1681b(b)(2)(A)(ii))**

17   47.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

18   48.    Defendant violated the FCRA by the use of a disclosure form that contains extraneous

19   information other than the disclosure.

20   49.    The foregoing violations were willful as Defendant was aware of its obligation to

21   provide a clear and conspicuous disclosure in a document consisting solely of the disclosure.

22   50.    Based upon facts likely to have evidentiary support after a reasonable opportunity for

23   further investigation and discovery, Defendant had and has a policy and practice of failing to provide

24   adequate written disclosures to job applicants and employees, before procuring consumer reports or

25   causing consumer reports to be procured.  Pursuant to that policy and practice, Defendant procured

26   consumer reports or caused consumer reports to be procured for Plaintiff and Class Members without

27   first providing a written disclosure in compliance with Section 1681b(b)(2)(A) of the FCRA.

28   51.    Defendant's willful conduct is reflected by, among other things, the following facts:

a.    The FCRA was enacted in 1970; Defendant, which was founded in 1909, has had many years to become compliant;

b.    Defendant is a large corporation with access to legal advice through its own General Counsel's office and outside employment counsel;

c.    Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

d.    Defendant knew or had reason to know from its communications with its consumer report vendor(s) that Defendant's conduct violated the FCRA;

e.    Defendant repeatedly and routinely used the Disclosure it used with Plaintiff prior to procuring consumer reports;

f.    Despite the clear statutory text and depth of guidance on the subject, Defendant systematically procured consumer reports without first disclosing in writing to the consumer *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

g.    By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

52.    Plaintiff and Class Members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

53.    Plaintiff and Class Members are also entitled to punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

54.    Plaintiff and Class Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CAUSE OF ACTION

### Failure to Obtain Proper Authorization in Violation of FCRA

### (15 U.S.C. § 1681b(b)(2)(A)(ii))

55.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

56. Because Defendant failed to make a clear and conspicuous disclosure that a consumer report may be procured in a document consisting solely of the disclosure, Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and other Class Members without proper authorization. *See* 15 U.S.C. § 1681b(b)(2)(A)(ii).

57. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class Members under 15 U.S.C. § 1681b(b)(2)(A)(ii). Defendant's willful conduct is reflected by, among other things, the facts previously set forth.

58. Plaintiff and Class Members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

59. Plaintiff and Class Members are also entitled to punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

60. Plaintiff and Class Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**WHEREFORE,** Plaintiff respectfully requests that this Court issue an Order:

a. That this action may proceed as a class action under Section 382 of the California Code of Civil Procedure;

b. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Class;

c. Directing proper notice to be mailed to the Class at Defendant's expense;

d. Holding that Defendant has violated the FCRA, 15 U.S.C. § 1681b(b)(2)(A)(ii);

e. Holding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's and class members' rights, and its obligations, under the FCRA;

f. Awarding statutory damages in an amount of $1,000 per violation and punitive damages as provided by the FCRA;

h. Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

1        i.    Granting such other and further relief, in law or equity, as this Court may deem

2    appropriate and just.

3

4    Dated:  July 10, 2018                GREENSTONE LAW APC

5

6                                       By: _____
                                      Mark S. Greenstone

7                    1925 Century Park East, Suite 2100
                     Los Angeles, CA 90067

8                    Telephone: (310) 201-9156
                     Facsimile:  (310) 201-9160

9                    mgreenstone@greenstonelaw.com

10                   GLANCY PRONGAY & MURRAY LLP

11                   Lionel Z. Glancy
                     Marc L. Godino

12                   Danielle L. Manning
                     1925 Century Park East, Suite 2100

13                   Los Angeles, CA 90067
                     Telephone: (310) 201-9150

14                   Facsimile:  (310) 201-9160
                     Email: info@glancylaw.com

15

16                   Thomas D. Rutledge (SBN 200497)
                     Attorney-at-Law

17                   500 West Harbor Drive, Suite 1113
                     San Diego, California 92101

18                   Telephone:  (619) 886-7224
                     Facsimile:  (619) 259-5455

19

20                   Brian R. Short (SBN 236140)
                     350 10th Avenue, Suite 1000

21                   San Diego, California 92101
                     Telephone:  (619) 272-0720

22                   Fax Number: (619) 839-3129
                     Email: brian@shortlegal.com

23

24                   *Counsel for Plaintiff*

25

26

27

28

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Mark S. Greenstone (SBN 199606)<br>GREENSTONE LAW APC<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 201-9156        FAX NO.: (310) 201-9160<br>ATTORNEY FOR *(Name)*: Plaintiff Deborah Hubbard | FOR COURT USE ONLY<br>**FILED**<br>San Francisco County Superior Court<br>JUL 10 2018<br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | | **CGC-18-567952**<br>JUDGE: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[✓] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence     f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*:  2-Failure to Make Proper Disclosure, Failure to Obtain Proper Authorization
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 10, 2018
Mark S. Greenstone
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov


ORIGINAL FAXED

 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

GREENSTONE LAW APC
Mark S. Greenstone (SBN 199606)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9156
Facsimile: (310) 201-9160
Email: mgreenstone@greenstonelaw.com

*Counsel for Plaintiff*
Additional Counsel Listed On Signature Page

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| DEBORAH HUBBARD, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>L'ORÉAL USA, INC., and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. CGC-18-567952<br><br>**PROOF OF SERVICE OF SUMMONS AND COMPLAINT** |

1    Attached hereto is an Affidavit of Service confirming service of (i) Summons; (ii) Class

2 Action Complaint; and (iii) supporting documents for the above captioned action. Service of said

3 documents were effected on July 17, 2018 on defendant L'ORÉAL USA, INC. via its registered agent

4 for the service of process.

5

6 Dated: August 6, 2018                    GREENSTONE LAW APC

7

8                                          By: _Mark Greent_

9                                          Mark S. Greenstone
                                           1925 Century Park East, Suite 2100
                                           Los Angeles, CA 90067

10                                         Telephone: (310) 201-9156
                                           Facsimile: (310) 201-9160

11                                         mgreenstone@greenstonelaw.com

12                                         GLANCY PRONGAY & MURRAY LLP

13                                         Lionel Z. Glancy
                                           Marc L. Godino

14                                         Danielle L. Manning
                                           1925 Century Park East, Suite 2100

15                                         Los Angeles, CA 90067
                                           Telephone: (310) 201-9150

16                                         Facsimile: (310) 201-9160

17                                         Email: info@glancylaw.com

18                                         Thomas D. Rutledge (SBN 200497)
                                           Attorney-at-Law

19                                         500 West Harbor Drive, Suite 1113

20                                         San Diego, California 92101
                                           Telephone: (619) 886-7224

21                                         Facsimile: (619) 259-5455

22                                         Brian R. Short (SBN 236140)

23                                         350 10th Avenue, Suite 1000
                                           San Diego, California 92101

24                                         Telephone: (619) 272-0720
                                           Fax Number: (619) 839-3129

25                                         Email: brian@shortlegal.com

26                                         *Counsel for Plaintiff*

27

28

Deborah Hubbard, et. al., Plaintiff(s)
vs.
L'Oreal USA, Inc., et. al., Defendant(s)

Service of Process by
**APS International, Ltd.**
**1-800-328-7171**

APS International Plaza
7800 Glenroy Road
Minneapolis, MN 55439-3122

APS File #: 151502-0001

## AFFIDAVIT OF SERVICE -- Corporate

GLANCY, PRONGAY, ET AL
Ms. Emily Oswald
1925 Century Park E., Ste. 2100
Los Angeles, CA  90067

Service of Process on:
--L'Oreal USA, Inc., c/o The Prentice-Hall Corporation
System, Inc.
Court Case No. CGC-18-0567952

State of: ___DELAWARE___ ) ss.
County of: NEW CASTLE )

Name of Server: ___ADAM GOLDEN___, undersigned, being duly sworn, deposes and says
that at the time of service, s/he was of legal age and was not a party to this action;

Date/Time of Service: that on the __17__ day of ___July___, 20 __18__, at __3:20__ o'clock __P.__ M

Place of Service: at __251 Little Falls Drive___, in __Wilmington, DE 19808___

Documents Served: the undersigned served the documents described as:
**Summons and Class Action Complaint w/ Civil Cover Sheet**
**Notice to Plaintiff**

Service of Process on: A true and correct copy of the aforesaid document(s) was served on:
**L'Oreal USA, Inc., c/o The Prentice-Hall Corporation System, Inc.**

Person Served, and
Method of Service: By delivering them into the hands of an officer or managing agent whose name and
title is: __DONNA SNOW, AUTHORIZED___

Description of
Person Receiving
Documents: The person receiving documents is described as follows:
Sex _F_ ; Skin Color __WHITE__ ; Hair Color __BROWN__ ; Facial Hair _____
Approx. Age __55__ ; Approx. Height __5'8__ ; Approx. Weight __220__

⊐ To the best of my knowledge and belief, said person was not engaged in the US
Military at the time of service.

Signature of Server: Undersigned declares under penalty of perjury
that the foregoing is true and correct.

_____
Signature of Server

**APS International, Ltd.**

Subscribed and sworn to before me this
__17__ day of __July__, 20 __18__

_____
Notary Public   (Commission Expires)

ANNE M. FRANCIA
MY COMMISSION
EXPIRES
Feb. 12, 2019
NOTARY PUBLIC
STATE OF DELAWARE

1   **PROOF OF SERVICE VIA U.S. MAIL**

2   I, the undersigned, say:

3   I am a citizen of the United States and am over the age of 18 and not a party to the within
4   action. My business address is 1925 Century Park East, Suite 2100, Los Angeles, California 90067.

5   On August 6, 2018, I served the following document:

6   **PROOF OF SERVICE OF SUMMONS AND COMPLAINT**

7   on parties in this action, addressed as stated below:

8   The Prentice Hall Corporation System, Inc.
9   Registered Agent for L'Oreal USA, Inc.
    251 Little Falls Drive
10  Wilmington, DE 19808

11

12  By U.S. Mail:  By placing true and correct copies thereof in individual sealed envelope: with
    postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the
13  United States Postal Service. I am readily familiar with my employer's practice for the collection and
    processing of correspondence or mailing with the United States Postal Service. In the ordinary course
14  of business, this correspondence would be deposited by my employer with the United States Postal
15  Service that same day.

16  I certify under penalty of perjury under the laws of the State of California that the foregoing is
    true and correct.  Executed on August 6, 2018, at Los Angeles, California.

17

18

19                                                  Harry H. Kharadjian

20

21

22

23

24

25

26

27

28

412501.1

# GPM | Glancy Prongay & Murray LLP

1925 Century Park East, Suite 2100
**Los Angeles, California 90067**



NEOPOST
08/06/2018
US POSTAGE $000.68⁰

FIRST-CLASS MAIL



ZIP 90067
041L10412080

The Prentice Hall Corporation System, Inc.
Registered Agent for L'Oreal USA, Inc.
251 Little Falls Drive
Wilmington, DE 19808

19808-167451

CASE NUMBER: CGC-18-567952  DEBORAH HUBBARD VS. L'OREAL USA INC. ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:**  **DEC-12-2018**

**TIME:**  **10:30AM**

**PLACE:**  **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| DEBORAH HUBBARD | **Department 304** |
| PLAINTIFF (S) | |
| VS. | **NO. CGC-18-567952** |
| L'OREAL USA INC. et al | |
| DEFENDANT (S) | **Order Denying Complex Designation For Failure to File Application Requesting Designation** |

ATTENTION ALL COUNSEL AND SELF-REPRESENTED PARTIES:

   Complex Designation is DENIED without prejudice. The Application for Approval of Complex Designation has not been filed and provided to Department 304 pursuant to San Francisco Superior Court Local Rule 3.6.

   Pursuant to Government Code §70616, et seq., parties who do not plan to file an Application for Complex Designation may seek a refund of any complex litigation fees that they have paid.

   IT IS SO ORDERED.

DATED:  AUG-13-2018                    Curtis Karnow
                                       _____
                                       JUDGE

Order Denying Complex Designation For Failure to File Application Requesting Designation
Form 000015

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on AUG-13-2018 I served the attached Order Denying Complex Designation For Failure to File Application Requesting Designation by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  AUG-13-2018                       By: MARIA OLOPERNES

LIONEL Z. GLANCY (134180)
GLANCY PRONGAY & MURRAY LLP
1925 CENTURY PARK EAST
SUITE 2100
LOS ANGELES, CA  90067

MARK S. GREENSTONE (199606)
GLANCY BINKOW & GOLDBERG LLP
1925 CENTURY PARK EAST
SUITE 2100
LOS ANGELES, CA  90067

THOMAS D RUTLEDGE (200497)
THOMAS D. RUTLEDGE ATTORNEY AT LAW
500 WEST HARBOR DRIVE
SUITE 1113
SAN DIEGO, CALIFORNIA  92101

BRIAN R SHORT (236140)
SHORTLEGAL, APC
350 10TH AVE STE 1000
SAN DIEGO, CA  92101

CERTIFICATE OF SERVICE BY MAIL
Form 000015